IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WILLIAM STEPHEN DELGADO, | § § § | |
| *Plaintiff,* | § § | SA-16-CV-00983-FB |
| vs. | § § § | |
| ALAMO COMMUNITY COLLEGE DISTRICT, | § § § | |
| *Defendant.* | § § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Defendant Alamo Community College District's Bill of Costs [#54], which was filed on October 4, 2018. Defendant's Bill of Costs was referred to the undersigned for disposition on April 15, 2019 [#57]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). In issuing this recommendation, the undersigned has also reviewed Plaintiff William Stephen Delgado's Objection to Defendant's Bill of Costs [#55] and Defendant's Response to Plaintiff's Objections to Defendant's Bill of Costs [#56]. For the reasons that follow, the undersigned will recommend granting Defendant's request for costs associated with deposition transcripts and copies of Plaintiff's administrative record but deny the request for costs associated with the video recording of Plaintiff's deposition and copies of his medical records.

**I. Background**

The record reflects that on September 21, 2018 the District Court adopted the undersigned's report and recommendation, granted Defendant Alamo Community College District's Motion for Summary Judgment, and dismissed Plaintiff's claims against Defendant

1

with prejudice [#52, #53]. Defendant, as the prevailing party, filed its Bill of Costs on October 4, 2018, requesting $4,294.11 in costs associated with the written transcripts of the depositions of Plaintiff and Harold Whitis and the video recording of Plaintiff's deposition. Defendant also requests $470.60 in costs associated with making copies of Plaintiff's Texas Workforce Commission ("TWC") Civil Rights Division file and medical records from the office of John S. Garcia, M.D. Defendant claims these costs were necessarily obtained for use in the case and are therefore recoverable from Plaintiff. Plaintiff generally opposes Defendant's Bill of Costs and asks the Court to deny all of the costs requested because he brought his lawsuit in good faith and he would be financially burdened by an order assessing costs against him.

## II. Analysis

Rule 54(d) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party" in an action. Taxable costs are expressly recoverable pursuant to 28 U.S.C. § 1920. Section 1920(2) authorizes recovery of costs for "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Section 1920(4) authorizes recovery of the "costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The party seeking recovery of costs bears the "burden of justifying the necessity of obtaining the depositions and copies at issue." *Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 286 (5th Cir. 1991). "[A] district court has great latitude in determining whether a deposition was 'necessarily obtained for use in the case' or was obtained merely for the convenience of the attorney." *Brumley Estate v. Iowa Beef Processors, Inc.*, 704 F.2d 1362, 1363–64 (5th Cir. 1983) (quoting *Newman v. A.E. Staley Mfg. Co.*, 648 F.2d 330, 336 (5th Cir. 1981)).

Defendant should be permitted to recover its costs for the two deposition transcripts and the copies of Plaintiff's TWC file. "If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party." *Fogleman*, 920 F.2d at 285. "[A] deposition need not be introduced into evidence at trial in order to be 'necessarily obtained for use in the case.'" *Id.* Plaintiff does not raise any specific argument in his objections asserting that the deposition transcripts and administrative files were not obtained for use in this case. And the undersigned cannot identify one. As noted by Defendant, the transcripts at issue are for the depositions of Plaintiff and Plaintiff's supervisor, who was a key witness in this case. Additionally, these documents were the primary evidence offered by the parties in support of and in opposition to Defendant's motion for summary judgment. (*See* Pl's. Dep. [#26-2] at 8; Whitis Dep. [#31-5] at 1; EEOC Charge [#26-2] at 2; EEOC Dismissal [#26-4] at 14; TWC Charge [#31-9] at 1.)

However, Defendant should not recover the costs associated with the copies of Plaintiff's medical records. Again, Defendant can only recover the costs associated with the copies of these documents if they were "necessarily obtained for use in the case." 28 U.S.C. 1920(4). Defendant has failed to carry its burden to demonstrate that these documents were actually necessary, "rather than obtained simply for the convenience of counsel." *Fogleman*, 920 F.2d at 286. Plaintiff alleged in this case that he was the victim of national origin discrimination, a hostile work environment, and retaliation in violation of Title VII while working for Defendant's Student Financial Aid Department. (First Am. Compl. [#20].) His lawsuit focused entirely on staffing and promotion decisions with the department, Plaintiff's perceived demotion upon a return from leave, ensuing internal grievances, and retaliation and discipline he allegedly suffered as a result of his complaints and a "verbal exchange" with another coworker. (*Id.* at ¶¶ 8–29.) Defendant moved for summary judgment on the basis that Plaintiff failed to exhaust his

administrative remedies as to his hostile work environment claim and failed to allege an adverse employment action as to his discrimination and retaliation claims. (Mot. for Summ. J. [#26].) The Court ultimately granted the motion on both grounds. (Report and Recommendation [#40]; Order [#52].) No party relied on Plaintiff's medical records in resolving this case, and Defendant has not convinced the undersigned that they were "necessarily obtained for use in the case." *See* 28 U.S.C. § 1920(4).

The District Court should also decline to award costs for the video recordings of Plaintiff's deposition. Again, Section 1920(2) expressly authorizes recovery of costs for "fees for printed *or* electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2) (emphasis added). District courts diverge on their interpretation of Section 1920(2) and whether the statute should be read inclusively to allow for the recovery of costs for both print and video depositions or disjunctively to allow for the recovery of only one or the other. *See Allstate Ins. Co. v. Plambeck*, 66 F. Supp. 3d 782, 786 (N.D. Tex. 2014) (collecting conflicting cases on statutory interpretation of Section 1920(2) but ordering recovery of costs associated with both deposition transcripts and video recordings, regardless of use at trial). The consensus in the Western District of Texas is, however, to allow the recovery of the costs of videotaped depositions only where the video recordings are actually used at trial. *See, e.g.*, *Two–Way Media, LLC v. AT&T Servs., Inc.*, No. SA-09-CA-00476-OLG, 2013 WL 12090356, at *3 (W.D. Tex. Nov. 22, 2013); *Taylor v. Seton Healthcare*, No. A-10-CV-650 AWA, 2012 WL 2396876, at *2 (W.D. Tex. June 22, 2012); *Lear Siegler Servs. v. Ensil Int'l Corp.*, No. SA-05-CV-679-XR, 2010 WL 2595185, at *2 (W.D. Tex. June 23, 2010). Because this case never proceeded to trial, the District Court should deny Defendant's request for the costs associated with the video recordings as duplicative of the written transcripts.

Finally, the undersigned agrees with Defendant that the fact that Plaintiff's suit was brought in good faith is insufficient alone to justify a denial of costs to Defendant. *See Pacheco v. Mineta*, 448 F.3d 783, 795 (5th Cir. 2006) (finding an abuse of discretion where the district court denied costs based on an argument of "good faith" and noting that all litigants are obligated to bring suit in good faith under the Federal Rules of Civil Procedure). The Court also rejects Plaintiff's arguments regarding financial hardship as a basis for denying Defendant's request for costs. Plaintiff attaches a declaration to his Objections, which states that he earns approximately $5,000.00 per month in "take home pay" but has significant monthly bills associated with the care of his 95-year-old mother and student and other loans that make him unable to pay Defendant's costs. (Delgado Decl. [#55-1].)

"Inability to pay may be considered in some instances, such as where a plaintiff is of such modest means that it would be unjust or inequitable to enter a cost award." *Javeler Marine Servs. LLC v. Cross*, 175 F. Supp. 3d 756, 760 (S.D. Tex. 2016) (internal quotation omitted). However, the Fifth Circuit has also held that the relative wealth of the parties is not a proper consideration in deciding to grant or deny an award of costs. *Moore v. CITGO Ref. & Chems. Co., L.P.*, 735 F.3d 309, 319–20 (5th Cir. 2013). Moreover, the Fifth Circuit has repeatedly required parties to pay prevailing parties their costs even where they are indigent and proceeding *in forma pauperis*. *See, e.g.*, *Washington v. Paths*, 916 F.2d 1036, 1039 (5th Cir. 1990); *Calton v. City of Garland*, 170 Fed. App'x 338, 338 (5th Cir. 2006). Although Plaintiff contends he will suffer financial hardship if he is forced to pay Defendant's costs, Plaintiff is not of such modest means that a cost award is unjust in this case. *See Javeler Marine Servs. LLC*, 175 F. Supp. 3d at 760. The Fifth Circuit recognizes "a strong presumption that the court will award costs to the prevailing party." *See Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992). Despite Plaintiff's financial circumstances, the undersigned still recommends that

5

Plaintiff remain liable to Defendant for its costs under 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d) but at an amount reduced by the cost of Plaintiff's videotaped deposition and medical records.

## III. Conclusion and Recommendation

Having considered Defendant's Bill of Costs, Plaintiff's Objections, Defendant's Response, and the governing case law, the undersigned **recommends** that Plaintiff's Objections [#55] be overruled in part and sustained in part and Defendant be awarded costs in the reduced amount of **$2,825.01**.

## IV. Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds

of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 23rd day of April, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE